PEDRO ROSELLÓ Y BATLLE ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. 829. Argued January 12, 1931.—Decided June 21, 1931.

*López de Tord & Zayas Pizarro* for appellants. The registrar appeared by brief.

Mr. Justice Aldrey delivered the opinion of the Court.

The District Court of Ponce by an order granted an authorization to Federico Font Delort, for him as guardian of his incapacitated wife, Prudencia Ubides Aponte, to consent in her behalf to sell to Pedro Roselló Batlle a house which had been purchased with community funds. The purchase price was fixed at $7,090.76, of which $2,090.76 should be paid in cash and the remaining $5,000 within five years, with interest, the purchaser to secure the deferred payment and the interest thereon by a mortgage on the same house.

After the proper public deed of sale and mortgage had been executed in accordance with the terms of the said order, and the husband as guardian of his incapacitated wife had consented to such alienation, the registrar of property refused to record the deed of sale to Roselló on the ground that the sale had not been made at public auction, and likewise as to the mortgage because the sale was not recorded. The present administrative appeal has been taken from both refusals.

The registrar maintains that a public sale is necessary in the instant case, as under subdivision 5 of section 282 of the Civil Code guardians are required to obtain judicial authorization to sell or encumber any real property constituting the estate of the minor or incapacitated person, and according to sections 80, 81, and 82 of the Law of Special Legal Proceedings the sale in such cases must be at public auction.

There exists in our Civil Code the conjugal partnership, by virtue of which, in accordance with section 1310, the earnings or profits obtained by either of the spouses during the marriage shall belong to the husband and the wife, share and share alike, upon the dissolution of the marriage. The property of the conjugal partnership is specified in section 1316. Hence, the conjugal property belongs jointly to both spouses during the marriage even though the net moiety that may

accrue to each can not be determined until after the dissolution, of the marriage. Accordingly we have held in *Succession of Garcia* v. *The Registrar of Property,* 16 P.R.R. 742, that until the dissolution of the conjugal partnership and its consequent liquidation, the wife does not acquire any interest therein that may be attached or executed by reason of obligations of a private character other than those for which she can bind the conjugal partnership under section 1323 of the Civil Code.

The management of such community property is entrusted to the husband by express provision of law, subject to the limitations provided in section 1328 of our present Civil Code, that he can not give, sell, or bind for a consideration said property without the express consent of the wife.

It follows from the foregoing, that subdivision 5 of section 282 of the Civil Code and the provisions of the Law of Special Legal Proceedings on which the registrar based his refusal do not apply in the instant case because, as it was not sought here to alienate the separate property of the incapacitated wife, no judicial authorization therefor was required nor was a public auction necessary, it being sufficient that the court had granted authorization to the husband of the incapacitated wife to consent on her behalf. If the theory of the registrar were accepted, it would be the end of the conjugal partnership and of the management thereof conferred on the husband by law, since not only would the husband be compelled to hold a public auction for the alienation of real property but also the proceeds of the sale would be taken out of his hands and management and placed in the custody of the court, to be invested at the direction of the latter with the intervention of the district attorney. Similarly, he would have to dispose at public auction of movables worth more than $200, as required by the provisions of the Civil Code and those of the Law of Special Legal Proceedings in regard to the management by guardians of property belonging to minors and incapacitated persons. Besides, the absurd situa-

tion might arise where the prospective share of the husband in the conjugal property, in the event of his not being declared incapacitated, would be subjected to the restrictions and formalities of a public auction when selling property considered as community property, without a law creating such restrictions, which the courts are powerless to establish.

The deed of sale and therefore the mortgage must be recorded.

Mr. Justice Wolf concurs in the result.